UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | Case No. 24-cr-304 (CJN) |
| : | |
| LEE A. GIOBBIE, : | |
| : | |
| Defendant. : | |

**GOVERNMENT'S OPPOSITION TO DEFENDANT'S
MOTION TO CONTINUE ALL MATTERS IN THIS CASE**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully opposes Defendant Lee Giobbie's Motion to Continue All Matters in this Case, ECF No. 27. Mr. Giobbie was charged via Indictment on June 26, 2024, ECF No. 17. A plea offer was extended by the government on August 1, 2024 and was ultimately rejected by Mr. Giobbie. Pursuant to the Court's Minute Order of September 12, 2024, a jury trial is set to commence on February 3, 2025. No material change to the facts or law at issue in this case has occurred since the last status conference was held in this matter, on September 12, 2024, and the government is prepared to proceed to trial on February 3, 2025. The Court should therefore deny the defendant's motion.

There is a public interest in the prompt and efficient administration of justice. The government and the Court have endeavored to deliver that interest. The government disagrees that a continuance is warranted here, and the Court should proceed as it would in any other prosecution. *See United States v. Baker*, No. 24-cr-121 (CRC), Nov. 11, 2024 Minute Order (denying substantively identical motion to continue); *United States v. Johnson*, No. 24-cr-141 (JDB), Nov. 13, 2024 Minute Order (same); *see also, e.g.*, *United States v. Avery*, No. 24-cr-79 (CRC), Nov. 6, 2024 Minute Order (denying continuance of sentencing hearing based on claim of potential

1

clemency); *United States v. Fuller*, No. 23-cr-209 (CKK), Nov. 6, 2024 Minute Entry (denying motion to continue sentencing hearing based on claim of potential clemency); *United States v. Carnell, et al.*, No. 23-cr-139 (BAH), Nov. 6, 2024 Minute Order (denying motion to continue status conference based on claim of potential clemency); *United States v. Lichnowski*, No. 23-cr-341 (RBW), Nov. 7, 2024 Minute Order (denying motion to continue sentencing hearing based on claim of potential clemency); *United States v. Heffner*, No. 24-cr-260 (APM), Nov. 11, 2024 Minute Order (denying motion to stay proceedings based on claim of potential clemency). The defendants' citation to Special Counsel Jack Smith's motion to vacate a briefing schedule in the matter of *United States v. Trump*, No. 23-cr-257 (TSC), is inapposite. That motion refers to the "unprecedented circumstance" of a criminal defendant being "expected to be certified as President-elect on January 6, 2025, and inaugurated on January 20, 2025." *See id.*, ECF No. 278. The need to "determine the appropriate course going forward consistent with Department of Justice policy," *id.*, is not similarly implicated in this case, where the defendant is a private citizen.

For the foregoing reasons, the Court should deny the defendant's motion to continue and proceed with trial on February 3, 2025.

                                            Respectfully submitted,

                                            MATTHEW M. GRAVES
                                            United States Attorney
                                            District of Columbia
                                            Bar No. 481052

By:    */s/Benjamin J. Smith*
         Benjamin J. Smith
         Assistant United States Attorney
         N.Y. Bar Number 5220637
         United States Attorney's Office
         District of Columbia
         601 D Street, N.W.
         Washington, D.C. 20530
         Benjamin.smith4@usdoj.gov