UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | Case No. 24-CR-00304 (CJN) |
| : | |
| LEE A. GIOBBIE, : | |
| : | |
| Defendant. : | |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S
MOTION TO MODIFY CONDITIONS OF RELEASE**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this Response to defendant Lee Giobbie's Motion to Modify Conditions of Release. Giobbie asks this court to modify the conditions of his release prohibiting his travel to Washington, D.C. *See* ECF No. 8 at 2; ECF No. 31. Giobbie asks the Court to allow him to attend the U.S. Presidential Inauguration scheduled to take place on January 20, 2025. This Court should deny the motion for the reasons outlined below.

**I.    BACKGROUND**

On January 6, 2021, thousands of rioters took part in an attack on the U.S. Capitol in an effort to stop the certification of the results of the 2020 presidential election. These rioters forced their way into the U.S. Capitol building, requiring elected officials and their staff to flee or shelter in place and resulting in hundreds of injured officers and even multiple deaths. That day, Giobbie was one of these rioters.  He encouraged rioters on the East Front, shouting "move the gates" on a bullhorn as the police line was breached there.  He shouted "Push, push, push, push" as rioters clashed with police on the East Rotunda Steps outside the Capitol, and then pushed on the backs of other rioters who were pushing against the police line on the steps.

After the police line fell back to the Rotunda Door, Giobbie shouted through the bullhorn,

1

"we need something to break the door down!" Other rioters then passed a crowbar to him hand-over-hand through the dense crowd. Giobbie beat on the Rotunda Door frame with the crowbar and then passed it off to another rioter.

The rioters outside the Rotunda Door forced a small group of police officers against the wall outside of the Rotunda Door. As the police officers tried to defend the Rotunda Door, a police officer grabbed Giobbie's left arm. Giobbie pushed the officer's arm away and pushed against the riot shield that the officer was holding as officers were trying to clear rioters from outside the Rotunda Door.

Officers attempting to keep rioters from breaching the Rotunda Door deployed a flashbang munition as well as pepper spray. Although pepper spray hit Giobbie in the face and a flashbang munition detonated near him, he was undeterred. Giobbie aggressively pushed past police defending the Rotunda Door and entered the building through the Rotunda Door, becoming one of the first rioters to breach the Capitol through that door.

Giobbie remained inside the Capitol for thirty minutes, leaving through the Senate Wing Door. After the events of January 6, 2021, Giobbie said in a text message to friends and family, "We stormed the Capitol building. It was crazy!!!" In another message he said that he was, "pepper sprayed and everything." Giobbie asked another riot to delete a video from Facebook that depicted him and the riot, and told others to avoid posting pictures or videos of him because he knew that the FBI was trying to identify people who participated in the riot.

For his actions, Giobbie was charged with violations of 18 U.S.C. §§ 231(a), 1752(a)(1) and (a)(2), and 40 U.S.C. § 5104(e)(2)(D) and (e)(2)(G).

On January 7, 2025, Giobbie moved to modify his conditions of release imposed by U.S. Magistrate Judge G. Michael Harvey generally prohibiting his travel to Washington, D.C. *See* ECF

2

No. 8 at 2 ("Stay away from DC except for attendance at Court proceedings, meeting with counsel, other defense members to include investigator, and PSA business"); ECF No. 31.

The government has received several similar motions in other January 6 prosecutions, to either modify pretrial release or grant permission while on probation to allow travel to the Inauguration on January 20, 2025. *See, e.g.*, *United States v. Cindy Young*, 23-cr-241-TSC-GMH, ECF. No. 112; *United States v. Kevin Moore et al.*, 24-cr-427-JDB, ECF No. 53; *United States v. Richard Gutowski*, 24-cr-459-JMC, ECF No. 33. In at least two cases, judges of this court have denied the defendant's motion. *United States v. Christopher Belliveau*, 24-cr-00327-TJK, ECF No. 21, and Minute Order of January 2, 2025 (denying defendant's motion to modify conditions of release to allow his attendance at the Inauguration); *United States v. Russell Taylor*, 21-cr-392-RCL, ECF No. 520, ECF No. 522 (denying defendant's motion requesting permission to travel outside of District of probation for the Inauguration; the answer to the question "whether a person who conspired and acted to thwart the peaceful transfer of power four years ago with incitement, threats, and weapons should now be granted special permission to attend the celebration of the peaceful transfer of power" is "'no.'"). In two cases, judges of this court granted the defendant's motion. *United States v. William Pope et al.*, 21-cr-128-RC, ECF No. 383; ECF No. 386 (granting defendant's motion to travel to the Inauguration "upon consideration of . . . the entire record herein, including the fact that [the defendant] is not charged with assault or vandalism-related charges"); *United States v. Peterson*, 24-cr-376-TSC, ECF No. 21; Minute Order of December 19, 2024 (permitting defendant, charged with misdemeanors, to travel to Washington, DC, without further comment).

On January 8, 2025, the Pretrial Services Agency ("PSA") officer who is supervising Giobbie's pretrial release, indicated orally to the government his opposition to Giobbie's request.

3

**II.    LAW & ARGUMENT**

The Bail Reform Act requires that a defendant on pretrial release be "subject to the least restrictive condition, or combination of conditions" that will "reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(c)(1)(B). This Court may "at any time amend [an] order [setting conditions of release] to impose additional or different conditions." *Id.* § 3142(c)(3). When determining conditions of release, the following factors are pertinent: "the nature and circumstances of the offense charged"; "the weight of the evidence against the person"; "the history and characteristics of the person"; and "the nature and seriousness of the danger to any person or the community that would be posed by the person's release." *Id.* § 3142(g).

Giobbie asks the Court to modify his conditions of release to allow him to travel to Washington, D.C. on January 20, 2025. The United States opposes because Giobbie is already subject to the "least restrictive" combination of conditions necessary to ensure the safety of the community. 18 U.S.C. § 3142(c)(1)(B). Giobbie was not required to post bond, and is not subject to home detention, a curfew, or GPS monitoring; instead, he must submit to supervision by Pretrial Services, and cannot possess firearms. ECF No. 8. Together with these relatively limited conditions, a travel restriction to prevent Giobbie from returning to the scene of the crime creates the least restrictive combination of conditions required to mitigate the danger that he poses to the community and to law enforcement officers.

The restriction on unauthorized travel to the District is well-reasoned, given Giobbie's alleged conduct on January 6, 2021 and the Court's need to ensure public safety. The last organized event that Giobbie attended in Washington, D.C., spiraled into a full-scale riot. Washington, D.C., and specifically the United States Capitol, is the last place that Giobbie should be allowed to visit,

4

absent required hearings. This was the scene of his crime—a crime which contributed to the violent disruption of the peaceful transition of power.

The nature and circumstances of the offenses in Giobbie's case and the evidence in support of the charged offenses are serious. There is video evidence of Giobbie inciting the mob as they fought police up the East Rotunda steps, of Giobbie pushing against the backs of rioters as they clashed with the police line in front of him, of Giobbie striking the East Rotunda Doors with a crowbar, and of Giobbie entering the Capitol through the East Rotunda Doors.  Many of the same officers Giobbie helped obstruct will, once again, be tasked in protecting the Capitol on January 20, 2025.  His presence at an event staffed by law enforcement would not only present a danger but would cause further victimization for the officers he obstructed.  Giobbie's conduct, and the extensive evidence of his conduct, weighs heavily against him in evaluating this motion.

Giobbie should not be allowed to return to the scene of the crime unconnected from his case. The release condition limiting Giobbie's travel to Washington D.C. set by U.S. Magistrate Judge G. Michael Harvey should not be modified.

### III.   CONCLUSION

For these reasons, the government respectfully requests that the Court deny Giobbie's motion to modify their conditions of pretrial release.

    Respectfully submitted,

    MATTHEW M. GRAVES
    United States Attorney
    D.C. Bar No. 481052

By:    */s/ John Oxenreiter*
    JOHN OXENREITER
    Assistant U.S. Attorney
    New York Bar No. 5511597
    U.S. Attorney's Office for the District of Columbia
    601 D St. NW, Washington, DC 20530